**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MICHELE SHANNON, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 06-1191-MLB |
| | ) | |
| JESUS VAL MEJIAS, M.D., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff's motion to remand the case to the state system. (Doc. 10.) The motion has been fully briefed and is ripe for decision. (Docs. 11, 13, 16.) Plaintiff's motion is GRANTED, and this case is remanded to state court, for reasons set forth herein.

**I. INTRODUCTION**

Plaintiff originally brought this case in the Eighteenth Judicial District, Sedgwick County, Kansas. She claimed that she suffered personal injuries and related damages resulting from the improper implantation of a defective pacemaker defibrillator. Plaintiff asserted claims of medical negligence and fraudulent concealment against defendant Mejias for his actions in implanting the pacemaker. She also sued Mejias' employer, Galichia Medical Group, P.A. (Galichia), under a theory of respondeat superior. Additionally, she presented various product liability theories against the manufacturers of the pacemaker, defendants Guidant Corporation (Guidant) and Boston Scientific Corporation (Boston Scientific). Lastly, plaintiff claimed that defendant Michele Longabaugh was an agent of Guidant and Boston

Scientific who was present with Mejias when the pacemaker was implanted, and that Longabaugh was negligent in advising Mejias regarding the implantation and proper operation of the device. (Doc. 1 exh. A, Am. Pet. from State Court, at 16-31.)

Guidant and Boston Scientific removed the case to this court under Title 28 of the United States Code sections 1441 and 1446, claiming that federal subject matter jurisdiction existed on the basis of diversity of citizenship. (Doc. 1 at 3.) Plaintiff moved to remand, noting that she is a Kansas citizen, as are defendants Mejias, Galichia, and Longabaugh, and that subject matter jurisdiction is therefore lacking. (Doc. 11 at 2.) Guidant and Boston Scientific counter that Mejias and Galichia were improperly joined and that Longabaugh was fraudulently joined; therefore, they argue, considering only the proper defendants, all parties are diverse. (Doc. 13 at 2-3.)

In the alternative, Guidant and Boston Scientific argue that the court should stay the case because a motion is pending before the Judicial Panel on Multidistrict Litigation (JPML) which, if granted, would transfer the case to the District of Minnesota for consolidation and coordination with over 400 other cases involving product liability claims against them regarding the pacemaker at issue here. Id. at 3. The JPML issued a conditional transfer order on August 1, 2006, which included this case as a tag-along action. Id. exh. A at 3-4. Plaintiff has objected to the transfer, and the matter is scheduled for resolution without oral argument following hearings on November 30, 2006. In Re Guidant Corp. Implantable Defibrillators Products Liability Litigation, MDL-1709, § B at 19 (J.P.M.L. Oct. 17, 2006).

-2-

Ordinarily, the court would strongly consider staying this case pending the JPML's decision regarding transfer. However, subject matter jurisdiction is so blatantly absent that it would be a dereliction of duty to allow this case to linger in the federal system.

## II.  ANALYSIS

A. Propriety of Deciding the Motion to Remand

An action originally filed in state court may be removed to federal court if, inter alia, there is a basis for federal subject matter jurisdiction. 28 U.S.C. § 1441(a), (b). Conversely, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. § 1447(c).

Federal courts are courts of limited jurisdiction, United States ex rel. Grynberg v. Praxair, Inc., 389 F.3d 1038, 1048 (10th Cir. 2004), and the parties cannot confer jurisdiction where it is lacking. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982). If the court lacks subject matter jurisdiction, all rulings are a legal nullity, lacking any force or effect. See Hart v. Terminex Int'l, 336 F.3d 541, 542 (7th Cir. 2003). The removing party has the burden to prove the existence of subject matter jurisdiction. Karnes v. Boeing Co., 335 F.3d 1189, 1194 (10th Cir. 2003). All doubts concerning removability are to be resolved against removal and in favor of remanding cases to state courts. Fajen v. Found. Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982); J.W. Petroleum, Inc. v. Lange, 787 F. Supp. 975, 977 (D. Kan. 1992).

Despite the gravity of the question regarding subject matter jurisdiction, Guidant and Boston Scientific urge the court to delay a decision until the JPML rules on the motion to transfer this case to the appropriate MDL.  (Docs. 13 at 3.)  These defendants properly note that the MDL court will have authority to rule on the motion to remand, and would undoubtedly be competent to do so.  Quite frequently, courts with cases pending transfer to an MDL will refrain from deciding a dispositive motion based on considerations of efficiency, judicial economy, and avoiding duplicative or inconsistent burdens upon some parties to the litigation.  See Hertz Corp. v. The Gator Corp., 250 F. Supp. 2d 421, 428 (D.N.J. 2003); Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, 54 F. Supp. 2d 1042, 1047-48 (D. Kan. 1999).

On the other hand, it is well established that a potential transferor court is not deprived of jurisdiction until the final transfer order is filed with the clerk of the transferee court.  Rule 1.5, R.P.J.P.M.L., 199 F.R.D. 425, 427 (2001).  For example, in Ill. Mun. Ret. Fund v. Citigroup, Inc., 391 F.3d 844, 849-52 (7th Cir. 2004), the Seventh Circuit decided a case in which a district judge remanded the matter to state court after entry of an opposed conditional transfer order by the JPML.  The facts of Citigroup are so strikingly similar to the case at bar that most of the Seventh Circuit's opinion on this issue could just have easily been written for this case.  Accordingly, the court includes a somewhat lengthy, but nonetheless appropriate, quotation from Citigroup:

> In this case, the district court remanded after
> the JPML issued a conditional transfer order but
> before transmittal of a final transfer order to

the previously designated transferee, Judge Cote in the Southern District of New York. Therefore, the transfer had not become effective and the conditional order did not "in any way limit the pretrial jurisdiction" of the district court. JPML Rules 1.5, 7.4(e). Under the JPML rules of procedure, the district court did not exceed its authority in issuing the remand order.

. . . .

We find nothing absurd in district courts individually evaluating their own jurisdiction. Furthermore, Congress has indicated a preference for remands based on such individualized jurisdictional evaluations and a tolerance for inconsistency. . . . After a transfer takes place under § 1407, the transferee court has authority to issue consistent jurisdictional rulings in all of the transferred cases before it. Before the transfer is effective, however, the potential transferee court wields no such power over individual, unconsolidated cases.
    . . . Appellants argue that the district court's order issued during the pendency of the transfer process undermines the purposes of the statute, namely, promotion of efficient litigation and avoidance of inconsistent contemporaneous rulings in like cases.
    Undoubtedly, efficiency and consistency are goals of § 1407. It does not follow from this premise, however, that any rule that limits efficiency or allows inconsistency conflicts with the statute and may not stand. As appellants acknowledge, among the statute's stated goals are the "convenience of parties and witnesses" and the "just ... conduct of such actions." § 1407(a). To this end, the JPML rules provide for a conditional transfer period "in order to afford all parties the opportunity to oppose transfer." JPML Rule 7.4(a). Appellants do not, and cannot, suggest that the existence of this pre-transfer interim conflicts with the purposes of § 1407.
    We need not decide if a district court ever exceeds its authority in acting during this period. We are satisfied, however, that it does not do so when it rules on its own jurisdiction. This, after all, is a fundamental obligation of all courts of limited jurisdiction. See Hay v. Ind. State Bd. of Tax Comm'rs, 312 F.3d 876, 878 (7th Cir. 2002). Though some district courts stay proceedings during the interim following a conditional transfer order, see, e.g., Bd. of

> Trs. of the Teachers' Ret. Sys. of the State of Ill. v. WorldCom, Inc., 244 F. Supp. 2d 900 (N.D. Ill. 2002), this is not required where the court concludes that it lacks subject matter jurisdiction. We will not require a district court that believes that it lacks subject matter jurisdiction over a case to facilitate a transfer under § 1407, a statute that does not itself confer jurisdiction.

Id. at 849-52.

When a potential transferor court is presented with a fully-briefed motion for remand challenging its subject matter jurisdiction, and when evaluation of that motion involves questions of state law with which the potential transferor court is familiar, and with which the potential transferee court is not, efficiency, judicial economy, and the weighty need to dispose of cases for which jurisdiction is lacking compels the conclusion that the potential transferor court should decide the motion notwithstanding the pending proceedings before the JPML. See Aetna, 54 F. Supp. 2d at 1047-48 (D. Kan. 1999). Indeed, Aetna was decided by Judge Vratil, who happens to be a member of the JPML. Thus, the court will decide the motion to remand.

B. Subject Matter Jurisdiction

It is undisputed that plaintiff and defendants Mejias, Galichia, and Longabaugh are all Kansas citizens. If any one of those defendants was properly joined, then diversity is lacking and there is no basis for federal subject matter jurisdiction. The crux of the argument presented by Guidant and Boston Scientific is that plaintiff's claims against them are factually and legally distinct from the claims against Mejias and Galichia, and they should not be

-6-

part of the same lawsuit.[1]  Elaborating, Guidant and Boston Scientific assert that the allegedly tortious conduct of Mejias was committed in the operating room when the pacemaker was implanted, whereas any tortious conduct by Guidant and Boston Scientific occurred when the pacemaker was designed and constructed in their facilities.  Hence, they argue that any objectionable conduct on their part occurred at a time and place remote from Mejias' actions in the operating room, and that this distinct conduct is not part of the same transaction or occurrence leading to the alleged injuries plaintiff suffered during the operation.  (Doc. 13 at 9-11.)

The argument presented by Guidant and Boston Scientific is squarely foreclosed by the Kansas Supreme Court's decision in Albertson v. Volkswagenwerk Aktiengesellschaft, 230 Kan. 368, 634 P.2d 1127 (1981).  In that case, the state supreme court was required to interpret K.S.A. 60-258a(c), a state statute enacting was is commonly referred to as the "one-action rule."  This statute, as interpreted by the Kansas courts, requires that the fault of all parties in a negligence case be compared in a single action.  Id. at 371, 634 P.2d at 1130.  More specifically, it has been interpreted to bar subsequent suits seeking to apportion fault that was, or could have been, allocated in the first case.  See Anderson v. Scheffler, 242 Kan. 857, 862, 752 P.2d 667, 670-71 (1988).  In addition, the scope of 60-258a has been judicially expanded to cover theories of liability beyond

---

[1] Since the court ultimately determines that Mejias and Galichia were properly joined, it need not consider the argument that Longabaugh was fraudulently joined. Regardless of the outcome of the latter issue, the presence of Mejias and Galichia as defendants produces a lack of complete diversity.

negligence, including the products liability theories of strict liability and breach of implied warranty. Volkswagenwerk, 230 Kan. at 372, 634 P.2d at 1131 (citing Kennedy v. City of Sawyer, 228 Kan. 439, 452, 618 P.2d 788 (1980)).

In Volkswagenwerk, the plaintiff was involved in an automobile accident. In his first case, the plaintiff sued the driver of the other automobile involved in the collision. The case proceeded to trial under a negligence theory, and the jury allocated fault between the plaintiff and the defendant. Thereafter, the plaintiff brought a second suit against the manufacturer of his vehicle, asserting various product liability claims. The defendants in the second suit argued that the claim was barred by the one-action rule. Volkswagenwerk, 230 Kan. at 368-69, 634 P.2d at 1128.

Agreeing with the defendants, the Kansas Supreme Court concluded that, even though the first suit involved claims of negligence in operating a motor vehicle, and the second suit involved products liability claims against the manufacturer for acts committed earlier in the design and manufacture of the vehicle, all these allegedly tortious acts contributed to the plaintiff's claimed injuries at the time of the accident. See id. at 374, 634 P.2d at 1132. Accordingly, fault had to be apportioned in one action. Id. Since plaintiff failed to join the manufacturer in the first suit, he was precluded from seeking recovery in a subsequent action. Id.

With the exception that we are dealing with claims of professional negligence rather than ordinary negligence, the issue in this case is identical to that in Volkswagenwerk: Does K.S.A. 60-258a(c) require plaintiff to join her medical negligence claims with

-8-

her product liability claims when the injury she suffered occurred at a single point in time - when the device was implanted in her chest? The answer from Volkswagenwerk was a resounding "yes!" Therefore, not only was joinder of these claims and defendants proper, but it was mandatory if plaintiff hoped to preserve her right to recover against Guidant and Boston Scientific. Since joinder was proper, there is no diversity of citizenship, and thus, no basis for federal subject matter jurisdiction.

Against this conclusion, Guidant and Boston Scientific argue that Anderson created an exception to the one-action rule that is applicable in this case. In Anderson, the plaintiff lost his leg in an industrial accident at a Kansas plant. 242 Kan. at 857-58, 752 P.2d at 668. The plaintiff brought an action in state court, but chose to sue only the plant owner. Complete diversity existed between the parties, and the defendant subsequently removed the case to federal court. Thereafter, the plaintiff moved to amend his complaint to add a non-diverse defendant. Then he moved for remand, asserting that the federal court lacked subject matter jurisdiction. This motion was denied, so the plaintiff brought a separate action in state court against the non-diverse party he attempted to add in the federal case, along with another non-diverse defendant. After the second suit was filed, the plaintiff entered into settlements with the defendants in the federal case. The defendant in the second case then moved to dismiss, claiming that the one-action rule barred the subsequent suit. Id. at 857-60, 752 P.2d at 668-69. In crafting an exception to the one-action rule, the Kansas Supreme Court said, "We hold that where a plaintiff is prevented from joining a necessary party in federal

court because of loss of diversity, as in this case, the action against that party survives in state court as an exception to the rule in Albertson." Id. at 865, 752 P.2d at 672.

Guidant and Boston Scientific argue that this same exception makes the one-action rule inapposite in the present case. Accordingly, they argue, "if this Court exercises its discretion to sever the claims against Defendants Val Mejias and Galichia pursuant to Fed. R. Civ. P. 21, Plaintiff will be in a similar position to the plaintiff in Anderson." (Doc. 13 at 6.) The court disagrees. In Anderson, the federal district court had jurisdiction over the case because, at the time of removal, complete diversity existed. By contrast, at the time of removal in this case, diversity was lacking. Thus, this court has no subject matter jurisdiction with which it might properly act to sever out any defendant.[2] See Zee Medical Distributor Ass'n, Inc. v. Zee Medical, Inc., 23 F. Supp. 2d 1151, 1157-58 (N.D. Cal. 1998). Such an act would be ultra vires, a legal nullity. See Hart, 336 F.3d at 542. Likewise, the alternative bases

---

[2] While courts may readily use Federal Rule of Civil Procedure 21 to dismiss dispensable parties in order to preserve diversity jurisdiction, the cases approving of that method are suits that were originally filed in federal court. See, e.g., Tuck v. United Services Auto. Ass'n, 859 F.2d 842, 843 (10th Cir. 1988); Varley v. Tampax, Inc., 855 F.2d 696, 697 (10th Cir. 1988); Miller v. Leavenworth-Jefferson Elec. Co-op., Inc., 653 F.2d 1378, 1382 (10th Cir. 1981); Jett v. Phillips and Associates, 439 F.2d 987, 988 (10th Cir. 1971); Oppenheim v. Sterling, 368 F.2d 516, 517 (10th Cir. 1966). To permit the use of Rule 21 to sever properly joined defendants in a removed case would do violence to the rule that plaintiffs should be able to choose their own forum. See Archuleta v. Lacuesta, 131 F.3d 1359, 1371 (10th Cir. 1997).

for severance advanced by Guidant and Boston Scientific fail because a court must have subject matter jurisdiction in order to lawfully decide <u>any</u> matters in a case, including questions of severance. (Doc. 13 at 9-14.)  A court simply cannot create diversity jurisdiction by carving out the non-diverse parties in a case removed from the state system.  <u>See</u> <u>Cunningham v. BHP Petroleum Great Britain PLC</u>, 427 F.3d 1238, 1244-45 (10th Cir. 2005).  Since the court has no jurisdiction to decide this case, the doubtful application of the exception to the one-action rule announced in <u>Anderson</u> need not be decided.

   C.  Costs and Attorney's Fees

   In addition to her request for remand, plaintiff also asks the court to award her costs and attorneys' fees for the work necessary to prepare and defend her motion to remand.  (Doc. 10.)  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. 1447(c).  When a case is improperly removed,

> the standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

<u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, ___, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005).  On the other hand, a court need not find that defendants acted in bad faith in order to support an award of costs and fees.  <u>Martin v. Franklin Capital Corp.</u>, 393 F.3d 1143, 1146 (10th Cir. 2004).

   As discussed, <u>supra</u>, lack of diversity jurisdiction was patently obvious.  The argument by Guidant and Boston Scientific for improper

joinder was squarely foreclosed by Volkswagenwerk, and the notion that a court can create its own subject matter jurisdiction by severing non-diverse defendants in a removed case is without merit.  Thus, the court finds that Guidant and Boston Scientific had no objectively reasonable basis for seeking removal.  Therefore, plaintiff's motion for costs and attorney's fees is GRANTED.  If the figures are disputed, any party may request a hearing within 60 days after the date of this order.

### III.  CONCLUSION

In sum, defendants Mejias and Galichia were properly joined pursuant to Kansas law.  Since plaintiff, Mejias, and Galichia are all Kansas citizens, there is no basis for diversity jurisdiction.  The case was improperly removed from state court, and to state court it must return.  Plaintiff's motion to remand is GRANTED and the clerk is directed to remand the case forthwith.[3]  Since the absence of subject matter jurisdiction was patently obvious, plaintiff's motion for costs and fees is GRANTED.

IT IS SO ORDERED.

Dated this   3rd   day of November 2006, at Wichita, Kansas.

                                          s/ Monti Belot
                                          Monti L. Belot
                                          UNITED STATES DISTRICT JUDGE

---

[3] This disposition of the case renders moot the motion to certify a question to the Kansas Supreme Court.  (Doc. 18.)